CLD-051                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2775
_____

IN RE: ERIC G. HAFNER
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 3:19-cr-00790-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 4, 2024

Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

     Eric Hafner petitions pro se for a writ of mandamus in connection with his

criminal proceedings in the United States District Court for the District of New Jersey.

For the reasons that follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

In 2022, Hafner pleaded guilty in the United States District Court for the District of New Jersey to three counts: transmitting threatening communications in interstate or foreign commerce, in violation of 18 U.S.C. § 875(c); transmitting threatening communications in interstate or foreign commerce with intent to extort, in violation of 18 U.S.C. § 875(b); and conveying false information concerning the use of an explosive device, in violation of 18 U.S.C. § 844(e). The District Court conducted an allocution during which Hafner admitted the factual basis for the plea. Shortly thereafter, Hafner moved to withdraw his guilty plea and for substitution of his court-appointed counsel. The District Court granted the latter, but Hafner (and his newly appointed attorney) sought yet another substitute appointment. The District Court denied the second substitution of counsel and, after further briefing, denied the motion to withdraw the guilty plea.

Defense counsel again moved for a substitute appointment based on a complete breakdown in communication with Hafner. The District Court denied the request but, upon reconsideration, granted it; the District Judge also recused himself. Ultimately, a conflict-free attorney was appointed to represent Hafner, and the case was reassigned to a new District Judge. The District Court allowed Hafner to file another motion to withdraw his plea raising a new ground for relief, then denied it, further indicating that it would receive no more motions from Hafner and would proceed to sentencing. Hafner moved to "dissolve the filing injunction" that he claimed the District Court had imposed and moved for the District Judge's recusal. The District Court denied his requests. Hafner was later

2

sentenced in absentia. Through counsel, he has filed a notice of appeal from the judgment in that criminal proceeding.

Prior to his sentencing, Hafner filed the instant petition for a writ of mandamus. He requests that this Court direct the District Judge to recuse himself; lift any filing restrictions imposed on him by the District Court; and declare that the District Court erred in denying his motion to withdraw his guilty plea and that the District of New Jersey is an improper venue for his prosecution.

## II.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted).

Hafner has not made that showing here. "Mandamus is a proper means for this court to review a district court judge's refusal to recuse from a case pursuant to 28 U.S.C. § 455(a), where the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) (quotation marks and citation omitted). However, Hafner has not provided reasons for the District Judge's recusal beyond complaints about adverse rulings and unsupported accusations of conspiracies. These actions do not provide a basis for recusal. See Liteky v. United States, 510 U.S.

3

540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); In re United States, 666 F.2d 690, 694 (1st Cir. 1981) (explaining that recusal is not required when it is based on "unsupported, irrational, or highly tenuous speculation").

The remaining issues related to the District Court's management of the docket and dispositions of his various motions to withdraw his guilty plea—including the substantive claims contained therein—may be adjudicated in his direct appeal. Because mandamus is not a substitute for an appeal, and "a writ of mandamus may not issue if a petitioner can obtain relief by appeal," Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996); see In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not."), Hafner is not entitled to mandamus relief on these issues, either. Accordingly, we will deny the petition for writ of mandamus.